IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RONNIE J. THOMAS,

    Plaintiff,

v.   No. 1:23-cv-01098-KK

LINDA BRIDGE,
THEA GUERIN and
ESTHER LUCERO,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
## AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 11, 2023 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 11, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's combined average monthly income during the past 12 months is $914.00; (ii) Plaintiff's monthly expenses total $1,565.00; and (iii) Plaintiff has no cash and no funds in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings, and because his monthly expenses exceed his monthly income.

**The Complaint**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff alleges that he submitted a Section 8 Application, apparently to the Albuquerque Housing Authority ("AHA"), "around 2017." Complaint at 3.

> The Housing Choice Voucher (HCV) Program, also known as Section 8, is a Federal rental assistance program funded by the US Department of Housing Urban Development (HUD). The program allows families to choose and lease safe and decent affordable housing. Albuquerque Housing Authority administers the Section 8 Program. AHA determines how much rent an eligible family can pay based on their income and the approved rent for the unit the family wants to lease. Eligible families will be required to pay only a portion of the total rent to the landlord (generally, 30% of the families adjusted monthly income). AHA will

> pay a rental subsidy, on behalf of the tenant, for the remaining amount of the total rent to the landlord.

https://abqha.org/.  Plaintiff alleges:

> The Plaintiff was given a #600 on the Section 8 list and move up on the list to #63 or and was told I would be given my Section 8 housing voucher within two months.  Without any "notice by Section 8 "I was told by phone that I would had to "reapply to a new lottery system so I did apply and I also tried to address this matter by phone with somebody within the Section 8 "Administration and I also file complaints with Section 8 with "no resolve as to having my complaints answere by Section 8 "policies or by protocol so we could have this resolve by the Complaint policies.

[sic] Complaint at 3.

Plaintiff appears to assert claims for violations of: (i) Fair Housing Act/Albuquerque Housing Authority policies; (ii) due process rights; and (iii) equal protection rights.  Regarding Defendant Linda Bridge, "Director of Section 8," Plaintiff alleges: "The failure to Anwer the Plaintiff 'Complaints by Section 8 policys under the Fair housing Act. And under the 'Due process Clause and under the 'Equal Protection clause the 'Plaintiff believe the personnel of Section 8 violated his rights to Due process."  [sic] Complaint at 1.  Regarding Defendant Thea Guerin, "Deputy Director of the Section 8 Program," and Defendant Esther Lucero, "program manager," Plaintiff alleges: "By not looking in to the Complained and not answering the complained at all when file and by not following 'protocol Section 8 policys."  [sic] Complaint at 2.

**Fair Housing Act/Albuquerque Housing Authority Policies**

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for failure to follow Section 8 policies.

> Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To seek redress through § 1983, a plaintiff must assert a violation of a

3

federal right, not merely a violation of federal law. *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997).

*Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006). Plaintiff's conclusory allegations that Defendants failed to follow policies are not sufficient to state a claim pursuant to Section 1983 because there are no factual allegations identifying the policies and showing that the policies created a federal right. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

**Due Process**

The Court "asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022).

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> ....
> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

*Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016).

The Complaint fails to state a claim for due process violations because there are no factual allegations showing: (i) Plaintiff has a protected property interest in a voucher that has not been awarded to him; (ii) the process Plaintiff is due; and (iii) Defendants had an obligation to, but did not, provide Plaintiff the appropriate process.

**Equal Protection**

>The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
>A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

The Complaint fails to state equal protection claims because it does not allege facts indicating how each Defendant was personally responsible for treating Plaintiff differently from others similarly situated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**Attachments to Complaint**

Plaintiff attached 23 pages of documents to his Complaint. *See* Complaint at 8-30. Those documents include complaints that Plaintiff submitted to AHA and contain statements regarding due process, equal protection, AHA's alleged failure to respond to Plaintiff's complaints and discrimination based on the AHA's policies for awarding vouchers.

The Court will not review the attachments to determine whether Plaintiff can state a claim upon which relief can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint. The Court may consider the documents attached to the Complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**Proceedings *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

The Court reminds Plaintiff to carefully review his amended complaint before filing it. Page three of the Complaint is handwritten and at the bottom indicates it is page "1" and states "see page 2," but page 2 was not filed with the Complaint. Also, the Complaint states "The Plaintiff also reserve the rights to amend any other damages to this action." Complaint at 6. The Court reminds Plaintiff that amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure.

**Service**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

7

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed December 11, 2023, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**