**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RONNIE J. THOMAS,

    Plaintiff,

v.   No. 1:23-cv-01098-MIS-KK

LINDA BRIDGE,
THEA GUERIN, and
ESTHER LUCERO,

    Defendants.

## ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff Ronnie J. Thomas's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, ECF No. 1 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, each filed December 11, 2023.

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." See ECF No. 1. Plaintiff alleges that he submitted a Section 8 Application, apparently to the Albuquerque Housing Authority ("AHA"), "around 2017." *Id.* at 3. By way of background:

> The Housing Choice Voucher (HCV) Program, also known as Section 8, is a Federal rental assistance program funded by the US Department of Housing Urban Development (HUD). The program allows families to choose and lease safe and decent affordable housing. Albuquerque Housing Authority administers the Section 8 Program. AHA determines how much rent an eligible family can pay based on their income and the approved rent for the unit the family wants to lease. Eligible families will be required to pay only a portion of the total rent to the landlord (generally, 30% of the families adjusted monthly income). AHA will pay a rental subsidy, on behalf of the tenant, for the remaining amount of the total rent to the landlord.

Albuquerque Housing Authority, *Section 8 Housing Choice Voucher (HCV) FAQs*, *available at* https://abqha.org/document-library/ (last visited Feb. 12, 2024).  Plaintiff alleges:

> The Plaintiff was given a #600 on the Section 8 list and move up on the list to #63 or and was told I would be given my Section 8 housing voucher within two months. Without any "notice by Section 8" I was told by phone that I would had to "reapply to a new lottery system so I did apply and I also tried to address this matter by phone with somebody within the Section 8 "Administration and I also file complaints with Section 8 with "no resolve as to having my complaints answere [sic] by Section 8 "policies or by protocol so we could have this resolve by the Complaint policies.

ECF No. 1 at 3.

Plaintiff appears to assert claims for violations of: (i) the Fair Housing Act/Albuquerque Housing Authority policies; (ii) due process rights; and (iii) equal protection rights.  *See id.* at 1.  Regarding Defendant Linda Bridge, "Director of Section 8," Plaintiff alleges: "The failure to Anwer [sic] the Plaintiff 'Complaints by Section 8 policys [sic] under the Fair housing Act. And under the 'Due process Clause and under the 'Equal Protection clause the 'Plaintiff believe the personnel of Section 8 violated his rights to Due process."  *Id.*  Regarding Defendant Thea Guerin, "Deputy Director of the Section 8 Program," and Defendant Esther Lucero, "program manager," Plaintiff alleges: "By not looking in to the Complained and not answering the complained at all when file and by not following 'protocol Section 8 policys [sic]."  *Id.* at 2.

On January 2, 2024, United States Magistrate Judge Kirtan Khalsa issued an Order notifying Plaintiff that:

**Fair Housing Act/Albuquerque Housing Authority Policies**

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983 for failure to follow Section 8 policies.

> Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To seek redress through § 1983, a plaintiff must assert a violation of a federal right, not merely

a violation of federal law. *Blessing v. Freestone,* 520 U.S. 329, 340, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997).

*Mandy R. ex rel. Mr. and Mrs. R. v. Owens*, 464 F.3d 1139, 1146-47 (10th Cir. 2006). Plaintiff's conclusory allegations that Defendants failed to follow policies are not sufficient to state a claim pursuant to Section 1983 because there are no factual allegations identifying the policies and showing that the policies created a federal right. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

**Due Process**

The Court "asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022).

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> . . . .
> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

*Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016).

The Complaint fails to state a claim for due process violations because there are no factual allegations showing: (i) Plaintiff has a protected property interest in a voucher that has not been awarded to him; (ii) the process Plaintiff is due; and (iii) Defendants had an obligation to, but did not, provide Plaintiff the appropriate process.

**Equal Protection**

> The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166

> (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.
>
> *A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).
>
> The Complaint fails to state equal protection claims because it does not allege facts indicating how each Defendant was personally responsible for treating Plaintiff differently from others similarly situated. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

ECF No. 5 at 3-5. Judge Khalsa ordered Plaintiff to file an amended complaint within twenty-one days and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. *See id.* at 8.

Plaintiff did not file an amended complaint by the January 23, 2024, deadline. On January 25, 2024, Plaintiff filed a "Motion to Amand" [sic]. *See* ECF No. 6 ("Motion to Amend").

Plaintiff's Motion to Amend does not seek leave to file an amended complaint and was not accompanied by a proposed amended complaint as required by the District of New Mexico's Local Rule of Civil Procedure 15.1. *See* ECF No. 5 at 7 (notifying Plaintiff that "It is a *pro se* litigant's

4

responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the 'Local Rules')"). Plaintiff only asks the Court to: (i) enter an order for "Full Discovery;" and (ii) appoint a "pro bono attorney to address this matter with Plaintiff." ECF No. 6 at 1, 3.

The Court dismisses this case because: (i) the Complaint fails to state a claim upon which relief can be granted; and (ii) Plaintiff did not file an amended complaint as ordered by Judge Khalsa. Because the Court is dismissing this case for failure to state a claim, the Court denies Plaintiff's Motion to Amend as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice**;

(ii) Plaintiff's Motion to Amand [sic], ECF No. 6, is **DENIED AS MOOT**; and

(iii) This case is now **CLOSED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE